UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

PETE BURTON,

        Plaintiff,

v.

JAMIE LESTER et al.,

        Defendants.
_____/

Case No. 2:24-cv-108

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events

about which he complains occurred at that facility. Plaintiff sues the following KCF medical staff in their individual and official capacities: Medical Provider Jamie Lester, Registered Nurse Trisha Masker, Health Care Unit Manager Wendy Ball, and Registered Nurse Dawn Jacobson. (Compl., ECF No. 1, PageID.6–7.) Plaintiff also sues Medical Providers John Doe and Jane Doe, who Plaintiff claims are contracted by the MDOC to provide medical treatment. (*Id.*)

Plaintiff alleges that, on September 20, 2023, Plaintiff fell while getting down from his bunk. (*Id.*, PageID.8.) A non-party Officer attended to Plaintiff, and Plaintiff was examined by an unidentified nurse but was not given a wheelchair. (*Id.*) An unidentified nurse "evaluated" Plaintiff and determined that Plaintiff's foot was not broken, and that Plaintiff was "faking." (*Id.*, PageID.9.) The nurse did not order x-rays, but Plaintiff was provided with Ibuprofen for pain, crutches, an Ace bandage, and a wheelchair detail for distance. (*Id.*)

That same day, Plaintiff filed a grievance. (*Id.*, PageID.7.) Defendants Masker and Jacobson responded to Plaintiff's grievance, indicating their agreement with the course of treatment when Plaintiff "was first seen." (*Id.*, PageID.10.)

On September 25, 2023, an unidentified nurse again evaluated Plaintiff and noted that Plaintiff's symptoms had worsened. (*Id.*, PageID.9.) The unidentified medical provider on duty at the time ordered an x-ray and an analgesic injection and provided Plaintiff with a splint for his foot. (*Id.*)

Plaintiff received x-rays on October 2, 2023. (*Id.*) At that time, an unidentified medical provider learned that Plaintiff's fifth metatarsal had been fractured and that Plaintiff's foot would need to be re-broken. (*Id.*)

Plaintiff was taken to Lake Superior Hospital on October 19, 2023, where a medical doctor re-broke Plaintiff's foot, reset it, placed a splint on Plaintiff's foot, and ordered that Plaintiff be

prescribed pain medication and a bottom bunk detail until December 1, 2023. (*Id.*) During the first week of November, Defendant Lester ordered the removal of Plaintiff's "medical equipment,"[1] causing Plaintiff "problems with being able to get around." (*Id.*)

Plaintiff claims that Defendants Masker and Jacobson "continue to den[y] the Plaintiff medical treatment even after it had been recommended that [Plaintiff] be allowed to wear a soft form shoe . . . ." (*Id.*, PageID.10.)

Plaintiff alleges that he continues to experience "pain within his foot" because he is not permitted to wear a soft shoe. (*Id.*) He seeks injunctive and monetary relief. (*Id.*, PageID.10–11.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

---

[1] Based upon Plaintiff's description of the treatment and orders given to him by the medical doctor at Lake Superior Hospital, the Court presumes that Plaintiff is referring to the splint that had been placed on Plaintiff's foot, as Plaintiff does not describe any additional "medical equipment."

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Construed liberally, the Court finds that Plaintiff intends to raise claims against Defendants for violation of his Eighth Amendment right to medical care and his Fourteenth Amendment right to procedural due process.

    **A.**    **Eighth Amendment Medical Care Claims**

In keeping with the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment, U.S. CONST. amend. VIII, the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how

evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layperson cannot see the medical need, a condition may be obviously medically serious where a layperson, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need that "any layperson would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation

marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 927 (6th Cir. 2024).

The subjective component of the Eighth Amendment's deliberate indifference standard requires an inmate to plead facts that would demonstrate that that the prison official had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate

medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

        1.    **Defendant Lester**

Plaintiff alleges that a medical doctor at Lake Superior Hospital originally placed a splint on Plaintiff's foot and ordered that Plaintiff be prescribed pain medication and a bottom bunk detail until December 1, 2023, but that Defendant Lester ordered the removal of Plaintiff's splint during the first week of November, causing Plaintiff "problems with being able to get around." (ECF No. 1, PageID.9.) These allegations alone do not rise to the level of an Eighth Amendment claim for deliberate indifference.

The Court assumes for present purposes that Plaintiff has satisfied the objective component of the deliberate indifference standard. However, it is also Plaintiff's obligation to allege facts to plausibly suggest that Defendant Lester was deliberately indifferent to Plaintiff's medical

condition. Plaintiff has alleged no facts that would allow this Court to infer that Defendant Lester, in ordering the early removal of Plaintiff's splint, knew that his course of action would result in a substantial risk of serious harm to Plaintiff but chose to take that course of action, nonetheless.

Although it is clear that Plaintiff may disagree with the conservative course of treatment implemented by Defendant Lester, "a patient's disagreement with his physicians [or other medical providers] over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citations omitted); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Furthermore, "a [medical providers]'s decision to reject another doctor's treatment recommendation in favor of his [or her] own 'does not amount to deliberate indifference where both recommendations are made by qualified medical professionals' and the prison doctor's decision [wa]s made for a medical reason." *Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015)).

Plaintiff has not alleged facts that would plausibly suggest that the conservative course of treatment authorized by Defendant Lester was not made for a medical reason or was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh*, 643 F.3d at 169). Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendant Lester.

### 2. Defendants Masker and Jacobson

Plaintiff alleges that Defendants Masker and Jacobson responded to Plaintiff's Step I grievance, agreeing with the treatment that had initially been provided to Plaintiff. (ECF No. 1, PageID.10.) He also alleges, in a conclusory fashion, that these Defendants continue to deny

Plaintiff unspecified medical care "even after it had been recommended that [Plaintiff] be allowed to wear a soft form shoe . . . ." (*Id.*) Neither of Plaintiff's allegations states an Eighth Amendment claim.

First, § 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Second, Plaintiff wholly fails to allege any facts suggesting that Defendants Masker and Jacobson played an active role in Plaintiff's medical treatment; that they were aware at the time of any medical assessment that Plaintiff was suffering from an objectively serious medical condition; or that they inferred a risk of harm to Plaintiff's health or safety from that condition where it could be said that they drew such an inference but disregarded the risk. For these reasons, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendants Masker and Jacobson.

### 3. Defendants Ball, John Doe, and Jane Doe

Plaintiff lists Defendants Ball, John Doe, and Jane Doe in his description of parties, but does not reference these Defendants further in the complaint's factual allegations. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is

named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Ball, John Doe, and Jane Doe in the factual allegations of his complaint. His allegations fall far short of the minimal pleading standards under Federal Rule of Civil Procedure 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendants Ball, John Doe, and Jane Doe.

Furthermore, to the extent that that Plaintiff seeks to bring claims of supervisory liability against Defendant Ball in Defendant Ball's capacity as the Health Care Unit Manager, his claims are also subject to dismissal. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310

F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, as discussed above, § 1983 liability may not be imposed simply because a supervisor denied or failed to act upon an administrative grievance. *See Shehee*, 199 F.3d at 300.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that 'at a minimum,' the plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendant Ball encouraged or condoned misconduct by any subordinate, or authorized, approved, or knowingly acquiesced in any alleged misconduct that could be said to have caused a violation of Plaintiff's constitutional rights. Accordingly, on this basis as well, Plaintiff's Eighth Amendment claims against Defendant Ball will be dismissed.

### B. Fourteenth Amendment Procedural Due Process Claims

Plaintiff takes issue with the response by Defendants Masker and Jacobson to Plaintiff's Step I grievance, in which these Defendants agreed with the course of treatment that had been ordered for Plaintiff's foot injury when Plaintiff "was first seen" (ECF No. 1, PageID.10.) To the

extent that Plaintiff seeks to bring a Fourteenth Amendment claim against Defendants for violation of his right to procedural due process, his claim fails.

The Fourteenth Amendment protects an individual from deprivation of life, liberty[,] or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted). Plaintiff's claim fails at the first step, however, because Plaintiff's allegations do not implicate any protected or property interest.

Courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Accordingly, the Court will dismiss any intended Fourteenth Amendment claim related to the Plaintiff's grievances.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:     August 2, 2024                                    /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge